Edward S. Kiel
David M. Kohane
David S. Gold
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000

David Lopez (*pro hac vice* application forthcoming)
**CACHEAUX CAVAZOS & NEWTON, L.L.P**
333 Convent Street
San Antonio, Texas 78205-1348
210-222-2453
Attorneys for Plaintiffs

| | |
|---|---|
| GRUPO OMOR, S.A. DE C.V., COMERCIALIZADORA NAREMO, S.A. de C.V. and PADILLA IMPORT SALES AND MARKETING, INC.,<br><br>Plaintiffs,<br>v.<br><br>R.R. IMPORTACIONES, INC., GUTIERREZ DISTRIBUTORS, LLC, CAM CORP and JOHN DOES 1-10,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br><br><br>**VERIFIED COMPLAINT** |

Plaintiffs Grupo Omor, S.A. de C.V. ("Grupo Omor"), Comercializadora Naremo, S.A. de C.V. ("Naremo") and Padilla Import Sales and Marketing, Inc. ("Padilla," collectively with Group Omor and Naremo, "Plaintiffs"), by their attorneys, Cole Schotz P.C. and Cacheaux, Cavazos & Newton, L.L.P. (*pro hac vice* application forthcoming),, complaining against defendants R.R. Importaciones, Inc. ("R.R. Importaciones"), Gutierrez Distributors, LLC ("Gutierrez"), CAM Corp ("CAM Corp") and John Does 1-10 (collectively with R.R. Importaciones, Gutierrez and CAM Corp, "Defendants"), allege as follows:

## INTRODUCTION

1. This is an action for trademark infringement and other claims arising from Defendants' unlawful importation, marketing and sale of food products bearing Plaintiffs' trademarks and trade dress, but not intended or authorized for sale in the United States. As discussed below, Defendants conduct violates Plaintiffs' rights and has caused and continues to cause both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, irreparable damages to Plaintiffs' business reputation and relations.

## PARTIES

2. Plaintiff Grupo Omor is a Mexican commercial entity with its principal place of business at Alfonso Herrera 83, San Rafael Cuauhtemoc, Distrito Federal, Mexico.

3. Plaintiff Naremo is a Mexican commercial entity with its principal place of business at 9 A Sur 5102 A, Colonia Prados Agua Azul, Puebla, Puebla, Mexico, and a subsidiary of Grupo Omor.

4. Plaintiff Padilla is a United States corporation with its principal place of business at 2198 Edison Road, Eagle Pass, Texas.

5. Upon information and belief, Defendant R.R. Importaciones is a New Jersey corporation with its principal place of business at 141-143 3rd Street, Passaic, New Jersey.

6. Upon information and belief, Defendant Gutierrez Distributors, LLC is a New Jersey limited liability company with its principal place of business at 349 Chestnut Street, Passaic, New Jersey.

7. Upon information and belief, Defendant CAM Corp is a fictitious entity that has participated or assisted in the conduct complained of herein and/or is otherwise responsible for the conduct complained of herein and the damages resulting therefrom.

8. Upon information and belief, Defendants John Does 1-10 are fictitious individuals and entities who have participated or assisted in the conduct complained of herein and/or are otherwise responsible for the conduct complained of herein and the damages resulting therefrom.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over the Defendants because they are citizens of the State of New Jersey. Further, Defendants transact business that is the subject of this suit in the State of New Jersey and this District and committed tortious acts that are the subject of this suit in the State of New Jersey and this District. Further, products unlawfully imported by one or more of the Defendants that are the subject of this suit are physically present in the State of New Jersey and this District. Finally, a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

10. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §§ 1331 and 1338, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

*The "LA MORENA" Trademarks*

12. "LA MORENA" is a popular brand of Mexican food products that has been distributed and sold in the United States since the 1970s. LA MORENA products include canned chili peppers, chili sauces, salsas and beans.

13. Plaintiff Grupo Omor is the owner of the following U.S. trademark registrations used in connection with the "LA MORENA" brand products (hereinafter, the "Trademarks"):

3

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| La Morena | 2710323 | 04/29/2003 | Canned or preserved Mexican food, namely; sliced red pickled jalapeno peppers, pickled carrots, chipotle peppers in adobo sauce, pickled serrano peppers, sliced green pickled jalapeno peppers, sliced green pickled nacho jalapeno peppers, and prickly pear naturel; Homemade style chipotle sauce, homemade style Mexican salsa |
| La Morena de México | 5048497 | 09/27/2016 | Preserved, dried and cooked fruits and vegetables including canned, jarred, or preserved foods, namely, chilies, including jalapeno, serrano and chipotle chilies, nopales, peas and carrots; black and brown fried and boiled beans, fruits in syrup; tomato puree; Sauces; spices; ketchup sauce; Mexican style sauces, namely, hot sauce, salsa and chipotle sauce |
| [image of woman's head] | 2471003 | 07/24/2001 | Canned or preserved food, namely, sliced red pickled jalapeno peppers, pickled carrots, chipotle peppers in adobo sauce, pickled serrano peppers, sliced green pickled jalapeno peppers, and sliced green pickled nacho jalapeno peppers; Homemade style chipotle sauce, homemade style red Mexican salsa |

[Attached hereto as **Exhibit A** are true and accurate copies of the Trademarks.]

14. Plaintiff Naremo is the Mexican producer and exporter of LA MORENA brand products.

15. Plaintiff Padilla has the exclusive right to import, supply and market "LA MORENA" brand products in the United States. Padilla is a licensee of the Trademarks in the United States.

16. The Trademarks have acquired substantial consumer goodwill in the United States and represent valuable assets.

17. In addition to the use of the Trademarks, the "LA MORENA" brand products have unique packaging and trade dress consisting of, among other things, unique labeling (the

"Trade Dress"). The "LA MORENA" Trade Dress is inherently distinctive for canned or preserved Mexican foods, sauces, salsas and related products.

18. LA MORENA is certified by the U.S. Food & Drug Administration ("FDA") and is careful in processing and canning all products intended and authorized for distribution and sale in the United States to comply with stringent FDA standards and regulations. "LA MORENA" brand products destined for sale in the United States are grown by FDA-certified growers in Mexico. "LA MORENA" brand products destined for domestic sale in Mexico are grown in accordance with Mexican pesticide and fertilizer regulations, which materially differ from FDA regulations.

19. Genuine "LA MORENA" brand products produced for the United States market and imported into the United States have labels in English, not Spanish. "LA MORENA" brand products bearing Spanish labels were not necessarily produced in accordance with FDA regulations, were not imported and distributed in the United States by Padilla, and therefore are unauthorized for sale in the United States.

*Defendants' Unlawful Conduct*

20. Defendants have imported into the United States "LA MORENA" brand products manufactured in Mexico and meant for sale exclusively in Mexico bearing the Trademarks and Trade Dress (the "Unauthorized LA MORENA Products") and sold the Unauthorized LA MORENA Products in the United States, including in this District. Upon information and belief, Defendants have sold the Unauthorized LA MORENA Products at prices materially lower (10% to 35% lower) than legitimate "LA MORENA" brand products.

21. The Unauthorized LA MORENA Products are neither authorized nor intended for export outside of Mexico or for importation into or sale or distribution in, the United States.

22. The Unauthorized LA MORENA Products are materially different from the authorized "LA MORENA" brand products marketed and sold in the United States. For example, the Unauthorized LA MORENA Products bear Spanish-language labels and packaging that do not comply with United States labeling laws (including required nutritional information). The Unauthorized LA MORENA Products also do not necessarily comply with FDA regulations concerning the use of pesticides and fertilizers.

23. Upon information and belief, at all relevant times, Defendants have had full knowledge of Plaintiffs' ownership and exclusive rights in and to the Trademarks and Trade Dress and the goodwill associated therewith.

24. Upon information and belief, Defendants are engaging in their unlawful and infringing conduct knowingly, willfully, and intentionally, or with at least reckless disregard for Plaintiffs' rights.

*Plaintiffs' Efforts To Stop The Import and Sale Of The Unauthorized LA MORENA Products*

25. In May 2017, Naremo issued cease and desist letters to both R.R. Importaciones and Gutierrez that specifically identified the Trademarks at issue and Defendants' violations thereof. Despite the fact that Plaintiffs notified Defendants of their unlawful conduct, Defendants have refused to comply with Plaintiffs' demands to cease and desist.

*Plaintiffs' Damages*

26. For example, and without limitation, Naremo has suffered more than $1,000,000 in lost sales, hundreds of thousands of dollars in increased marketing and promotion costs, and other injuries as a result of Defendants' illegal conduct.

27. For example, and without limitation, Padilla has suffered millions of dollars in lost sales in 2016 and 2017, more than $100,000 in lost profits, hundreds of thousands of dollars

6

in increased marketing expenses, injury to Padilla's relationship with its brokers and sales personnel, and a significant negative sales impact on other brands distributed by Padilla in the United States.

28.     Plaintiffs have also suffered, and continue to suffer, irreparable damages to their reputation and the substantial goodwill associated with the "LA MORENA" brand.

## FIRST COUNT
### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

29.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

30.     Defendants' conduct is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that Defendants are Plaintiffs, or are licensees, authorized distributors, or affiliates of Plaintiffs, or that Defendants and their activities are authorized, endorsed, sponsored or approved by Plaintiffs, or that Defendants and their activities originate with, are connected with, or are associated with Plaintiffs, or vice versa.

31.     Defendants' willful conduct has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business reputation and relations to which Plaintiffs are without an adequate remedy at law.

## SECOND COUNT
### (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

32.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

33.     Defendants' conduct is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that Defendants are Plaintiffs, or are licensees,

authorized distributors, or affiliates of Plaintiffs, or that Defendants and their activities are authorized, endorsed, sponsored or approved by Plaintiffs, or that Defendants and their activities originate with, are connected with, or are associated with Plaintiffs, or vice versa.

34. Defendants' willful conduct has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business reputation and relations to which Plaintiffs are without an adequate remedy at law.

## THIRD COUNT
### (Unfair Competition Under N.J.S.A. 56:4-1)

35. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

36. Defendants' conduct constitutes unfair competition in violation of N.J.S.A. 56:4-1, which prohibits the misappropriation and tortious exploitation of another's name, brand, trademark, reputation, or goodwill.

37. Defendants' willful conduct has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business reputation and relations to which Plaintiffs are without an adequate remedy at law.

## FOURTH COUNT
### (Trademark Infringement Under N.J.S.A. 56:3-13.16)

38. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

39. Defendants' conduct constitutes trademark infringement in violation of N.J.S.A. 56:3-13.16, which prohibits the unauthorized use of a trademark in connection with the sale,

distribution or advertising of any goods or services likely to cause confusion, mistake or deception as to the source of origin of the goods or services, and provides for recovery of treble profits or damages in cases where the Court finds a party committed wrongful acts with knowledge or in bad faith or engaged in egregious conduct.

40. Defendants conduct constitutes trademark infringement committed with knowledge, bad faith, and egregious conduct in violation of N.J.S.A. 56:3-13.16.

41. Defendants' willful conduct has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business reputation and relations to which Plaintiffs are without an adequate remedy at law.

## FIFTH COUNT
### (Common Law Unfair Competition)

42. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

43. Defendants' conduct constitutes unfair competition under the common law of the State of New Jersey.

44. Defendants' conduct has caused and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business reputation and relations to which Plaintiffs are without an adequate remedy at law.

## SIXTH COUNT
### (Common Law Trademark Infringement)

45. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

46. Defendants' conduct constitutes willful trademark infringement under the

common law of the State of New Jersey.

47. Defendants' conduct has caused and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business reputation and relations to which Plaintiffs are without an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request relief from this Court as follows:

1. An Order preliminarily and permanently enjoining and restraining Defendants, and any and all of their respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on their behalf, from importing, marketing, selling or distributing any Unauthorized LA MORENA Products or any other products bearing the Trademarks in the United States or any foreign country.

2. An Order preliminarily and permanently enjoining and restraining Defendants, and any and all of their respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on their behalf, from engaging in, offering, or providing goods or services in connection with any word mark that is identical to or confusingly similar with Plaintiffs' Trademarks and any trade dress that is identical to or confusingly similar with Plaintiffs' Trade Dress.

3. An Order preliminarily and permanently enjoining and restraining Defendants, and any and all of their respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on their behalf, from engaging in any acts of unfair competition and/or deceptive trade practices utilizing any mark that is identical to or confusingly similar with Plaintiffs' Trademarks and any trade

dress that is identical to or confusingly similar with Plaintiffs' Trade Dress.

4. An Order directing all Unauthorized LA MORENA Products in Defendants' Possession, and any labels, packages and products bearing any word mark that is identical to or confusingly similar with Plaintiffs' Trademarks, to be seized and delivered to Plaintiffs for immediate destruction.

5. An Order directing Defendants to immediately produce a list containing the names and contact information for all individuals and entities to whom Defendants sold any Unauthorized LA MORENA Products or any other products bearing the Trademarks in the United States.

6. An Order: (a) requiring an accounting of Defendants' profits arising from Defendants' unlawful conduct; and (b) awarding all of said profits to Plaintiffs as damages sustained by Plaintiffs due to Defendants' unlawful conduct as complained of herein.

7. An Order trebling the award of Defendants' profits and Plaintiffs' damages in view of the reckless, willful, and intentional nature of Defendants' conduct.

8. Statutory and punitive damages.

9. Prejudgment interest.

10. Plaintiffs' costs and reasonable attorneys' fees incurred in connection with this action.

11. Such other and further relief as the Court may deem just and equitable under the circumstances.

        Respectfully submitted,

        By: */s/ Edward S. Kiel*
        **COLE SCHOTZ P.C.**
        Edward S. Kiel
        David M. Kohane
        David S. Gold

        **CACHEAUX, CAVAZOS & NEWTON, L.L.P.**
        David Lopez (*pro hac vice application forthcoming*)

Dated: January 10, 2018

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I hereby declare that the within matter in controversy is not the subject of any other action pending in any court nor the subject matter of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action at this time. I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 10, 2018

                                                    */s/ Edward S. Kiel*
                                                  Edward S. Kiel

## VERIFICATION

Felix Ayala Romo, of full age, verifies as follows:

1. I am an owner and Legal Representative of Plaintiff Grupo Omor, S.A. de C.V.

2. I have read the Verified Complaint, and the facts set forth in Paragraphs 2, 13, 16 and 28 are true and accurate based on my personal knowledge. As to the facts alleged upon information and belief, they are true and accurate to the best of my knowledge and belief.

I certify that the forgoing statements made by me are true. I am aware that if any of the forgoing statement made by me are willfully false, I am subject to punishment.

_____
FELIX AYALA ROMO

DATED: January 9th, 2018

## VERIFICATION

Manuel García Ulloa, of full age, verifies as follows:

1. I am the Legal Representative of Plaintiff Comercializadora Naremo, S.A. de C.V.

2. I have read the Verified Complaint, and the facts set forth in Paragraphs 2, 3, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 25, 26 and 28 are true and accurate based on my personal knowledge. As to the facts alleged upon information and belief, they are true and accurate to the best of my knowledge and belief.

I certify that the forgoing statements made by me are true. I am aware that if any of the forgoing statement made by me are willfully false, I am subject to punishment.

_____
MANUEL GARCÍA ULLOA

DATED: January 8TH, 2018

_____
Roberto Romo Michaud, Witness

15

## VERIFICATION

Victor Padilla Moreno, of full age, verifies as follows:

1. I am an owner and Legal Representative of Plaintiff Padilla Import Sales and Marketing, Inc.

2. I have read the Verified Complaint, and the facts set forth in Paragraphs 4, 12, 15, 16, 17, 19, 21, 22, 27 and 28 are true and accurate based on my personal knowledge. As to the facts alleged upon information and belief, they are true and accurate to the best of my knowledge and belief.

I certify that the forgoing statements made by me are true. I am aware that if any of the forgoing statement made by me are willfully false, I am subject to punishment.

_____
VICTOR PADILLA MORENO

DATED: January 8, 2018