MELLINGER, SANDERS, & KARTZMAN, L.L.C.
Walter G. Luger, Esq. (ID 033821984)
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
(973) 267-0220
Attorneys for Defendant, R.R. Importaciones, Inc.

| | |
|---|---|
| GRUPO OMOR, S.A. de C.V., COMERCIALIZADORA NAREMO, S.A. de C.V. and PADILLA IMPORT SALES AND MARKETING, INC., | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | CIVIL ACTION NO.  2:18-CV-400-KM-CLW |
| v. | ECF Case |
| R.R. IMPORTACIONES, INC., GUTIERREZ DISTRIBUTORS, LLC, CAM CORP and JOHN DOES 1-10, | **CERTIFICATION OF WALTER G. LUGER, ESQ. IN OPPOSITION TO PLAINTIFFS' MOTION TO HOLD R.R. IN CONTEMPT OF CONSENT ORDER FILED ON FEBRUARY 13, 2018** |
| Defendants. | |

WALTER G. LUGER, ESQ., of full ages, states the following:

1.      I am an attorney at law of the State of New Jersey and I am Of Counsel to Mellinger, Sanders & Kartzman, LLC., attorneys for the Defendant, R. R. Importaciones, PC. ("R.R.").

2.      I have personal knowledge of the following facts and submit this Certification in opposition to the Plaintiffs' motion to hold R. R. in civil contempt for failing to comply with the terms of a Consent Order entered by this Court on February 13, 2018 and for sanctions. ("Consent Order" or "CO"). (Exh. A).

3.      The Consent Order in issue contains six (6) paragraphs excluding paragraph 7. The CO directed that all Defendants were to comply with the Order within ten (10) days after the filing date or by February 23, 2018.

4.     R.R. immediately complied with paragraphs 1 to 3 of the Consent Order and it remains in compliance with these terms of the Order.

5.     While acting in good faith at all times and after staying in communication with Plaintiffs, R.R. was in full compliance with paragraphs 4 and 5 of the CO by March 2, 2018 and in full compliance with paragraph 6 by March 6, 2018.

6.     Thus, R.R. has been in full compliance with the terms of the Consent Order since March 6, 2018.

7.      To date, no discovery, mandatory or otherwise, has been exchanged and no Rule 26 conference has yet been scheduled.

**A. Background**

8.     On January 10, 2018, the Plaintiffs, Grupo Omor, S.A. de C.V., ("Grupo Omor"), Comercializadora Naremo, S.A. de C.V., ("Naremo"), and Padilla Import Sales and Marketing, Inc., ("Padilla") (collectively "Plaintiffs"), filed a Verified Complaint and other documents naming as Defendants R.R., Gutierrez Distributors, LLC., ("Gutierrez"), and CAM Corp., ("CAM").

9.     In relevant part, the Verified Complaint alleges that all of the Defendants have engaged in the unlawful importation and distribution of certain "gray market" Mexican foods not intended for sale in the United States (i.e., the importation and distribution of "La Morena" products from Mexico consisting of among other things canned or preserved Mexican food, namely canned jalapeno peppers, chili, homemade style chipotle sauce, red Mexican salsa, and the like). (V. Compl., par. 13).

2

10.     The Plaintiffs have also alleged, for the most part upon information and belief, that all of the Defendants have intentionally violated certain copyrights and trademarks owned by La Morena, which allegation is denied by R.R.

11.     In the same court filing, the Plaintiffs moved for an Order Directing the Defendants to Show Cause, ("OSC"), why a preliminary injunction should not issue, restraining and enjoining Defendants from, inter alia, importing, selling, or distributing the alleged "contraband" La Morena product in the United States.

12.     The Plaintiffs also sought to seize and destroy all La Morena products in the possession of each of the Defendants.

13.     To date, none of the Defendants has filed an Answer or otherwise moved to dismiss the Verified Complaint and the Defendants' Answers have to be filed by no later than March 16, 2018.

### B.   The Consent Order Dated February 13, 2018

14.     After being served with the Verified Complaint and other moving documents, R.R. determined to consent to the entry of the proposed Consent Order. (Exh. A attached hereto). The Defendant Gutierrez, did the same thing

15.     Despite the Plaintiffs' unfounded speculation, guesswork, and supposition to the contrary, (Kiel Certif, pars. 4 to 6, 8, 9,15, and16-17), the modus operandi of R.R. and its legal counsel is and has always been to make certain that the legal rights and interests of R. R. are protected.

16.     R.R. contacted counsel for Plaintiffs in good faith and it eventually agreed to enter into a Consent Order instead of having to defend against the proposed OSC proceedings.

3

17.    A proposed Consent Order containing 6 substantive paragraphs, (excluding paragraph 7) was circulated by Plaintiffs, amended, subsequently signed by the Plaintiffs, R.R. and Gutierrez, and filed and entered onto the docket on February 13, 3018. (Exh. A).

### C. The Terms Of The Consent Order

18.    The first three paragraphs of the CO provide that the Defendants were restrained and enjoined from (1) importing, marketing, selling or distributing any "Unauthorized La Morena Products," (par. 1), (2) engaging in, offering, or providing goods or services in connection with any word mark and trade dress that are identical to and/or confusingly similar with Plaintiffs' Trademarks and Trade Dress, (par. 2), and (3) engaging in any acts of unfair competition and/or deceptive trade practices by using any mark or trade dress that is identical or confusingly similar with Plaintiffs' Trademarks and Trade Dress, (par. 3).

19.    <u>R.R. has always been and continues to be in full compliance with paragraphs 1 to 3 of the Consent Order</u>. (emphasis added).

20.    The paragraphs of the Consent Order that are in issue in this civil contempt motion involve the remaining three (3) paragraphs of the Consent Order as follows:

4.    ORDERED that Defendant[s] shall, within 10 days of this Order, [or by February 23, 2018], at its own expense, retain and make arrangements with a reputable company, which is acceptable to Plaintiffs, that provides certified product disposal services for the destruction, within a commercially reasonable time, of all Unauthorized LA MORENA Products in Defendants['] Possession, and any labels, packages and products bearing any word mark that is identical or confusingly similar with Plaintiffs' Trademarks, and it is further

5.    ORDERED that a representative of Plaintiffs shall be permitted to observe and supervise the destruction of the Unauthorized LA MORENA Products; and it is further

4

6.     ORDERED, that Defendant[s] shall, within 10 days of this Order, produce to Plaintiffs lists containing the names and contact information of all individuals and entities (a) to whom Defendant sold any Unauthorized LA MORENA Products in the United States and (b) from whom Defendant purchased the Unauthorized LA MORENA Products in Mexico ….

21.     As previously noted, R.R. has been in compliance with the remaining paragraphs 4 to 6 of the Consent Order since by at the latest on March 6, 2018.

**D.   The Efforts Of R.R. To Comply With The Terms of Paragraphs 4 To 6 Of The Consent Order**

22.     After the Consent Order was filed and entered, R.R. used its best efforts and acted at all times in good faith with its obligations under paragraphs 1 to 7 of the Consent Order.

23.     Despite its best efforts, the Plaintiffs became increasingly impatient with R.R., accused R.R. of not taking the Consent Order seriously, and threatened to file the current civil contempt motion unless R.R. complied with its demands and with its self-imposed timeframe.

24.     At all times relevant, counsel for R.R. stayed in constant contact and communication with the Plaintiffs' lead attorney in an effort to keep him apprised of R.R.'s progress, its good faith efforts to comply with the Consent Order, and in order to facilitate the timely compliance of the terms of the CO.

25.     Despite all of these good faith efforts made by R.R., the only constant has been the disdain by which the Plaintiffs have treated R.R.

26.     For example, in paragraph 8 of the Kiel Certification, he states that R.R. "has refused to comply with the Consent Order and, instead, has actively defied it."

27.     This contention by Plaintiffs is simply untrue, unfounded, and is unsupported by the record.

5

28.     The Plaintiffs also allege that R.R. refused to cooperate in the inspection and destruction of the unauthorized La Morena product. (Kiel Cert., par. 16).

29.     Although not part of the Consent Order, R.R. agreed to permit the Plaintiffs' representatives, including Mr. Kiel, to go to their warehouse to inspect and inventory of the "unauthorized" La Morena product.

30.     After several efforts were made to schedule the inspection and inventory, on Friday, February 28, 2018, the Plaintiffs' representatives went to R.R.'s warehouse in Passaic and, in fact, inspected and inventoried the La Morena product.

31.     While Mr. Kiel devotes much time to the alleged confusion that took place on February 28, 2018, (Kiel Cert., pars. 12 to 16), the same is mainly attributable to R.R.'s representative (Eve) whose first language is Spanish and to her misunderstanding as to how the inspection was planned. There was no refusal to cooperate with Plaintiffs' representatives.

32.     At the end of the day, so to speak, on February 28, 2018 the Plaintiffs were able to complete their inspection and inventory and any alleged drama is nothing more than an unfortunate and unintentional incident.

33.     In paragraph 16 of the Kiel Certification it is alleged that R.R. has refused to cooperate in the inspection and destruction process to date. (Kiel Cert, par. 16, dated March 1, 2018).

34.     The inspection of the La Morena product and the destruction of the alleged unauthorized product are two (2) separate events.

35.     As noted above, the inspection took place on February 28, 2018 and the destruction of the unauthorized product took place on March 2, 2018 in the full view of

6

the Plaintiffs' representatives who took photos of the destruction of the product. On
March 8, 2018, Pinto Carting sent a Certification of Destruction of the unauthorized and
the same was forwarded to Plaintiffs' counsel.

36.     At no time has R.R. refused to cooperate in either the inspection process (which
is not part of the CO) or with regard to the subsequent disposal and destruction of the
product.

36      In paragraph 17 of the Kiel Certification, the Plaintiffs have alleged that:
"Defendant's patent refusal to comply with the terms of the Consent Order or otherwise
cooperate with any modicum of good faith represents a blatant disregard for Plaintiffs'
rights, this Court's Order, and the judicial process generally." (Kiel Cert., par. 17).

37.     R.R. has the highest respect and regard for the Court, its Orders, the judicial
process, and for the Plaintiffs' rights.

38.     However, R.R. has never "patently" refused to comply with the terms of the
Consent Order and R.R. has cooperated at all times in good faith with the Plaintiffs.

39.     Conspicuously absent from the Plaintiffs' moving papers is any reference to the
fact that on February 22, 2018, counsel for R.R. requested that the Plaintiffs permit a
seven (7) day extension of time to comply with the Consent Order. (Exh. B).

40.     It was explained that R.R.'s principal was out of the country, would be returning
to New Jersey on the following Tuesday, March 27, 2018, and that he was needed in
New Jersey so that R.R. could complete its compliance with paragraphs 3 to 6 of the
CO.

41.     Assuming arguendo that a CO can be extended by informal agreement, the
Plaintiffs' response to R.R.'s most reasonable request was a resounding no because

7

R.R. allegedly was not taking the CO seriously and the Plaintiffs were growing frustrated.

42.     This is a prime example of how the Plaintiffs have been dealing with R.R. and the Plaintiffs' refusal to extend the compliance date for the CO for only 7 days is anything but a demonstration of good faith by them.

### E.  R.R.'s Compliance With Paragraphs 4 To 6 Of The Consent Order

43.     The Plaintiffs' complaints about R.R.'s alleged violations of the Consent Order are contained in paragraphs 8 to 16 of the Kiel Certification.

44.     For the most part, the complaints are trivial or minor in nature and do not support the Plaintiffs' position that they are continuing to suffer irreparable injury because of R.R.'s alleged failure to comply with the CO.

45.     After having reviewed the "e-mail trail" generated in this suit and based on my personal knowledge, at all times relevant, R.R. was (a) in compliance with paragraph 4 of the CO on Friday, February 28, 2018; (b) in compliance with paragraph 5 of the CO by March 2, 2018; and (c) in compliance with paragraph 5 of the CO before March 2, 2018. (Exhibits C to I) (true copies attached hereto).

46.     Had the Plaintiffs acted in good faith by permitting R.R. another 7 days to comply with the Consent Order, or by March 2, 2018, R.R. would have been in full compliance with all paragraphs of the CO by this date except for paragraph 6 of the CO which R.R. fully complied with on March 6, 2018.

47.     R.R. and its counsel have taken all reasonable steps to comply with the CO and its apparent violation of the CO is either technical or inadvertent which will not support any finding of contempt.

8

48.     Furthermore, R.R. relied upon Pinto Hauling which changed its pickup and destruction dates several times thereby causing certain delay in R.R.'s compliance with the CO.

49.     R.R. took all reasonable steps to comply with paragraphs 4 to 6 of the CO and any violation of the CO was made in good faith and is merely technical or inadvertent.

50.     Respectfully, R.R. never "patently" or otherwise refused to comply with the terms of the Consent Order, at all times it acted in good faith, it never expected or intended to violate the Consent Order, it has been in compliance with paragraphs 1 to 3 of the CO was filed on February 13, 2018, and as of March 6, 2018 R.R. is in full compliance with the paragraphs 4 to 6 of the CO.

51.     For all of these reasons, R.R. requests that the Court deny Plaintiffs' current motion or in the alternative find that the defense of substantial compliance applies and that R.R.'s violations of the CO are minor, technical, or inadvertent and do not support any finding of contempt.

### CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WALTER G. LUGER, ESQ.

Dated: March 13, 2018

9

# EXHIBIT A

Edward S. Kiel
David M. Kohane
David S. Gold
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000

David Lopez, admitted *pro hac vice*
**CACHEAUX CAVAZOS & NEWTON, L.L.P**
333 Convent Street
San Antonio, Texas 78205-1348
210-222-2453
Attorneys for Plaintiffs

| | |
|---|---|
| GRUPO OMOR, S.A. de C.V., COMERCIALIZADORA NAREMO, S.A. de C.V. and PADILLA IMPORT SALES AND MARKETING, INC., | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL ACTION NO. 2:18-CV-400-KM-CLW |
| Plaintiffs, | **CONSENT ORDER** |
| v. | |
| R.R. IMPORTACIONES, INC., GUTIERREZ DISTRIBUTORS, LLC, CAM CORP and JOHN DOES 1-10, | |
| Defendants. | |

IT IS STIPULATED AND AGREED by and among Grupo Omor, S.A. de C.V.,

Comercializadora Naremo, S.A. de C.V., and Padilla Import Sales and Marketing, Inc.

(collectively, "Plaintiffs"), and R.R. Importaciones, Inc. ("Defendant") that in connection with

the Order to Show Cause for Preliminary Restraints entered by the Court on January 11, 2018

(the "Order"), Plaintiffs and Defendant consent to the entry of this Consent Order which grants

the preliminary injunctive relief requested by Plaintiffs in their application for an Order to Show

Cause for Preliminary Restraints;

IT IS on this __13th__ of February, 2018:

1.    **ORDERED,** that Defendant, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, are enjoined and restrained from importing, marketing, selling or distributing any Unauthorized LA MORENA Products,[1] including but not limited to the products listed on Exhibit A to this Consent Order, or any other products bearing the Trademarks in the United States or any foreign country; and it is further

2.    **ORDERED,** that Defendants, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, are enjoined and restrained from engaging in, offering, or providing goods or services in connection with any word mark that is identical to or confusingly similar with Plaintiffs' Trademarks and any trade dress that is identical to or confusingly similar with Plaintiffs' Trade Dress; and it is further

3.    **ORDERED,** that Defendant, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, are enjoined and restrained from engaging in any acts of unfair competition and/or deceptive trade practices utilizing any mark that is identical to or confusingly similar with Plaintiffs' Trademarks and any trade dress that is identical to or confusingly similar with Plaintiffs' Trade Dress; and it is further

4.    **ORDERED,** that Defendant shall, within 10 days of this Order, at its expense, retain and make arrangements with a reputable company, which is acceptable to Plaintiffs, that provides certified product disposal services for the destruction, within a commercially reasonable time, of all Unauthorized LA MORENA Products in Defendant's Possession, and any labels.

---

[1] Capitalized terms herein shall have the meaning ascribed to them in Plaintiffs' Verified Complaint.

2

packages and products bearing any word mark that is identical to or confusingly similar with Plaintiffs' Trademarks; and it is further

5.     **ORDERED,** that a representative of Plaintiffs shall be permitted to observe and supervise the destruction of the Unauthorized LA MORENA Products; and it is further

6.     **ORDERED,** that Defendant shall, within 10 days of this Order, produce to Plaintiffs lists containing the names and contact information of all individuals and entities (a) to whom Defendant sold any Unauthorized LA MORENA Products to in the United States, and (b) from whom Defendant purchased the Unauthorized LA MOREA Products in Mexico; and it is further

7.     **ORDERED,** that the entry of this Consent Order shall be without prejudice to the rights, claims, and defenses of the parties.

Kevin McNulty, U.S.D.J.

Consented to the form
and entry of this Consent Order:

COLE SCHOTZ P.C.
Attorneys for Plaintiffs

By:  Edward S. Kiel

MELLINGER SANDERS & KARTZMAN
Attorneys for R.R. Importaciones, Inc,

By: Walter G. Luger

3

EXHIBIT A

## LA MORENA

| # | UPC (TIN CAN) | UPC (TRAY) | SPANISH LABEL (MEXICO) |
|---|---|---|---|
| 1 | 7501062700011 | 17501062700018 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 2.8 kg |
| 2 | 7501062700028 | 17501062700025 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 800 g |
| 3 | 7501062700035 | 37501062700036 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 380 g |
| 4 | 7501062700042 | 17501062700049 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 210 g |
| 5 | 7501062700158 | 27501062700152 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 100 g |
| 6 | 7501062700110 | 17501062700117 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 2.8 kg |
| 7 | 7501062700127 | 17501062700124 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 800 g |
| 8 | 7501062700134 | 37501062700135 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 380 g |
| 9 | 7501062700141 | 17501062700148 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 210 g |
| 10 | 7501062700301 | 17501062700308 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 2.8 kg |
| 11 | 7501062700318 | 17501062700315 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 800 g |
| 12 | 7501062700325 | 37501062700326 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 380 g |
| 13 | 7501062700332 | 17501062700339 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 210 g |
| 14 | 7501062700219 | 17501062700216 | RAJAS ROJAS DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 2.8 kg |
| 15 | 7501062700226 | 17501062700223 | RAJAS ROJAS DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 210 g |
| 16 | 7501062700233 | 27501062700237 | RAJAS ROJAS DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 100 g |
| 17 | 7501062700288 | 17501062700285 | RAJAS ROJAS ADOBADAS CONT. NET. 210 g |
| 18 | 7501062700417 | 17501062700414 | CHILES SERRANOS EN ESCABECHE CONT. NET. 2.8 kg |
| 19 | 7501062700424 | 17501062700421 | CHILES SERRANOS EN ESCABECHE CONT. NET. 800 g |
| 20 | 7501062700448 | 17501062700445 | CHILES SERRANOS EN ESCABECHE CONT. NET. 210 g |
| 21 | 7501062700462 | 27501062700466 | CHILES SERRANOS EN ESCABECHE CONT. NET. 100 g |
| 22 | 7501062700615 | 17501062700612 | CHILES CHIPOTLES ADOBADOS CONT. NET. 380 g |
| 23 | 7501062700622 | 17501062700629 | CHILES CHIPOTLES ADOBADOS CONT. NET. 210 g |
| 24 | 7501062700639 | 27501062700633 | CHILES CHIPOTLES ADOBADOS CONT. NET. 100 g |
| 25 | 7501062700622 | 27501062700626 | CHILES CHIPOTLES ADOBADOS CONT. NET. 210 g |
| 26 | 7501062701513 | 17501062701510 | SALSA ROJA ESTILO CASERO CONT. NET. 210 g |
| 27 | 7501062700684 | 27501062700688 | CHILES CHIPOTLES ADOBADOS CONT. NET. 265 g |
| 28 | 7501062701704 | 17501062701701 | SALSA PICANTE DE CHILES CHIPOTLES CONT. NET. 2.8 kg |
| 29 | 7501062701711 | 17501062701718 | SALSA PICANTE DE CHILES CHIPOTLES CONT. NET. 210 g |
| 30 | 7501062701032 | 17501062701039 | FRIJOLES BAYOS REFRITOS CONT. NET. 440 g |
| 31 | 7501062701049 | 17501062701046 | FRIJOLES BAYOS REFRITOS CON ADOBO Y CHILE CHIPOTLE CONT. NET. 440 g |
| 32 | 7501062701056 | 17501062701053 | FRIJOLES NEGROS REFRITOS CONT. NET. 440 g |
| 33 | 7501062700059 | 17501062700056 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 290 g |
| 34 | 7501062700103 | 17501062700100 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 290 g |
| 35 | 7501062700387 | 17501062700384 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 290 g |
| 36 | 7501062700646 | 17501062700643 | CHILES CHIPOTLES ADOBADOS CONT. NET. 290 g |
| 37 | 7501062701353 | 17501062701350 | SALSA ROJA CONT. NET. 230 g |
| 38 | 7501062701612 | 17501062701619 | SALSA VERDE CONT. NET. 230 g |
| 39 | 7501062701551 | 17501062701558 | SALSA ROJA ESTILO CASERO CONT. NET. 230 g |
| 40 | 7501062701742 | 17501062701749 | SALSA PICANTE DE CHILES CHIPOTLES CONT. NET. 230 g |

# EXHIBIT B

 **Gmail**

**Walter Luger <wluger7@gmail.com>**

## RE: R.R. Warehouse Inspection [COLESCHOTZ-CSDOCS.FID2163812] [IWOV-CSDOCS.FID2163812]

**Walter Luger** <wluger7@gmail.com>                                                                    Thu, Feb 22, 2018 at 10:50 AM
To: "Kiel, Edward" <edward.kiel@coleschotz.com>, "Redish, Gary S." <GREDISH@winnebanta.com>

Ed: I am sorry that I was not able to get back to you yesterday. My client is currently out of the country on business and he will return to the US next Tuesday. Given his travel schedule, and the need for his presence in NJ to complete the items identified in the Consent Order, I respectfully request that you provide me with an extension of the 10 day time requirement until next Friday, March 2, 2018. Once my client is back in NJ, we will do everything we can to expedite our compliance with the terms of the Consent Order.

My client is aware of his obligations under the Consent Order and here is an update:

1.  R.R. has contact Pinto Disposal and is making arrangements to have its La Morena inventory be disposed of by the end of next week.
2.  R.R. has advised that it will provide me with an inventory of La Moreno product by sometime tomorrow (Friday). After I receive & review the inventory, I will send it to you by Monday at the latest.
3.  R.R. is in the process of preparing the lists of people/entities from whom the product was bought and sold. I should have this list by next Wednesday at the latest.
4.  Before the product is turned over to Pinto for destruction, R.R. will make its La Morena product available for your inspection and inventory on Wednesday or at the latest on Thursday of next week.
5.  This will confirm that R.R. understands the terms of the Consent Order and is not selling any of the unauthorized product to anyone.
6.  Lastly, I always deal with my adversaries in the utmost of good faith and R. R.'s request is not made for the purpose of delaying its compliance with the CO.

If you want to talk to me directly, I will be in the office all day today. Thx. Walt

[Quoted text hidden]

# EXHIBIT C

 **Gmail**

**Walter Luger <wluger7@gmail.com>**

## RE: Gutierrez Distributors - Consent Order [COLESCHOTZ-CSDOCS.FID2163812]

**Walter Luger** <wluger7@gmail.com>                                    Fri, Feb 23, 2018 at 4:40 PM
To: "Kiel, Edward" <Edward.Kiel@coleschotz.com>

Ed: I reached out to my client today. He is still out of the country on business. He will return to NJ on Tuesday. In the meantime, I should shortly have the inventory which I will pass on to you. My client and I will do everything we can to expedite our compliance with the Consent Order. Lastly, it is my understanding that my client is making arrangements with Pinto for the pick up and destruction of the La Morena product next week. Walt

[Quoted text hidden]

# EXHIBIT D

 Gmail

**Walter Luger <wluger7@gmail.com>**

---

## RE: Gutierrez Distributors - Consent Order [COLESCHOTZ-CSDOCS.FID2163812]

---

**Walter Luger** <wluger7@gmail.com>                                    Mon, Feb 26, 2018 at 1:55 PM
To: "Kiel, Edward" <Edward.Kiel@coleschotz.com>, "Redish, Gary S." <GREDISH@winnebanta.com>

Ed: I urge you and your client not to file an application for contempt & sanctions. R.R. knows that it must comply with the Consent Order ASAP. As I previously told you, R.R. expects to comply with the Consent Order as soon as it can this week. There is no intent on the part of R.R. to violate the Consent Order. In fact, last week, I requested another 7 days from the Plaintiffs to comply with the CO because my client's principal was out of the country on business returning tomorrow. The Plaintiffs' response to my very reasonable request was no, R.R. has not been taking this litigation seriously. Frankly, I was surprised by your clients' response to my request. I thought that we understood each other and that as a matter of professional courtesy your clients would permit us additional time to comply with the CO.

This will confirm that I told you that R.R. was concluding the hiring of Pinto to dispose of its La Morena inventory this week. This will also confirm that R.R. is not selling any of the infringing product and that I will very shortly provide you with an inventory to be followed by a personal inspection by your office. All of my client's conduct to date is indicative of its intention to comply with the CO. Thx. Walt

[Quoted text hidden]

# EXHIBIT E

 **Gmail**

**Walter Luger <wluger7@gmail.com>**

## RE: Gutierrez Distributors - Consent Order [COLESCHOTZ-CSDOCS.FID2163812]

**Walter Luger** <wluger7@gmail.com>                                                    Tue, Feb 27, 2018 at 10:16 AM
To: "Kiel, Edward" <edward.kiel@coleschotz.com>, "Redish, Gary S." <GREDISH@winnebanta.com>

Ed: Attached is a handwritten list of La Morena products in the possession of R.R. Importaciones, PC. We are confirming our arrangements with Pinto to pick-up and then destroy these products on Friday (3/2).

I will very shortly provide you with a list of names indicating where the goods were purchased and to whom they were sold. You are welcome to inspect and inventory the La Morena product during regular business hours at R.R.'s facility on Wednesday through Friday of this week. Walt
[Quoted text hidden]

📄 **Invy.List.R.R.    2-26-18.pdf**
   532K

| 20 | Morena | Nacho | Galon |
| 7 | " | Rajas | Galon |
| 2 | " | Jalapeño | Galon |
| 3 | " | Rajas | 13 oz |
| 1 | " | Chipotle | 13 oz |
| 19 | " | Rajas | 100 g |
| 5 | " | CHILPOTLES | 13 oz |
| 15 | Jmapeños Relleno de Queso | | 13 oz |
| 4 | Chipotles | | 7 oz |
| 2 | Jalapeño | | 7 |
| 2 | Rajas | | 7 |
| 5 | JALAPEÑOS | 27 oz | |

# EXHIBIT F

 **Gmail**

Walter Luger <wluger7@gmail.com>

## RE: Gutierrez Distributors - Consent Order [COLESCHOTZ-CSDOCS.FID2163812]

**Walter Luger** <wluger7@gmail.com>                                    Tue, Feb 27, 2018 at 3:09 PM
To: "Kiel, Edward" <edward.kiel@coleschotz.com>, "Redish, Gary S." <GREDISH@winnebanta.com>

Ed: You are welcome to inspect and inventory the La Morena products in the possession of R.R. tomorrow at 2:30 p.m. The address is 45 Wall Street, Passaic, N.J. When you get there ask for Eve and she will assist you. As for Pinto, they do not have any time on Friday to pick-up and destroy the La Morena products. As a result, we have scheduled the pick-up and destruction to take place at the same premises at 8:00 a.m. on Monday (3/5). We still have to confirm the 8:00 a.m. time with Pinto. As for your representatives, they are welcome to watch the destruction of the product on Monday morning. Walt
[Quoted text hidden]

# EXHIBIT G

 Gmail

**Walter Luger <wluger7@gmail.com>**

## RE: Gutierrez Distributors - Consent Order [COLESCHOTZ-CSDOCS.FID2163812]

**Walter Luger** <wluger7@gmail.com>
To: "Kiel, Edward" <Edward.Kiel@coleschotz.com>

Tue, Feb 27, 2018 at 4:19 PM

Ed: I am working on the list asap and on confirming Monday's pickup & destruction with Pinto. Walt
[Quoted text hidden]

# EXHIBIT H

Mar. 5, 2018  WGL

Ed: Without in any way waiving any defenses that R.R. has to the Plaintiffs' Motion for Contempt, and as an accommodation to you, Pinto will pickup & dispose of the

La Morena product tomorrow (Tuesday) between 4 and 5p.m. The location is 45 Wall Street. You are authorized per the Consent Order to observe and supervise the destruction of the unauthorized La Morena products. (CO, par. 5).

For the record, this will confirm that R.R. had scheduled Pinto to pick up & to dispose of the unauthorized product today at 2:00 p.m. The rescheduling to tomorrow was done, again, as an accommodation to your schedule. If any questions arise tomorrow, please call me at 973.267.0220. Walt

On Mon, Mar 5, 2018 at 3:32 PM, Kiel, Edward <Edward.Kiel@coleschotz.com> wrote:

Walter:

Are you going to get back to me on a new disposal date and time?

---

**From:** Kiel, Edward [mailto:Edward.Kiel@coleschotz.com]
**Sent:** Monday, March 05, 2018 11:07 AM
**To:** Walter Luger; Redish, Gary S.
**Cc:** Gold, David; David Lopez
**Subject:** RE: Civ. 18-400 Grupo Omor, S.A. De C.V., et al v. R.R. Importaciones, Inc. [COLESCHOTZ-CSDOCS.FID2163812] [IWOV-CSDOCS.FID2163812]

I cannot make it there this afternoon.  I specifically set aside my schedule to be there at 8 am this morning.  I am available tomorrow afternoon after 4 and Wednesday afternoon.  Again, that is without prejudice to our pending motion for contempt and sanctions.

Also, you didn't answers my questions from last week. Specifically:

**Why were the goods were put on a truck and moved from the storage location?**

**Why wouldn't Eve let us inspect where the goods were kept?**

**Where were the goods kept before being loaded on the truck?**

**Does R.R. own/lease 45 Wall Street?**

# EXHIBIT I

On Tue, Mar 6, 2018 at 10:53 AM, Walter Luger <wluger7@gmail.com> wrote:

Jose: FYI. Walt

---------- Forwarded message ----------
From: **Walter Luger** <wluger7@gmail.com>
Date: Tue, Mar 6, 2018 at 10:53 AM
Subject: Re: Civ. 18-400 Grupo Omor, S.A. De C.V., et al v. R.R. Importaciones, Inc. [COLESCHOTZ-CSDOCS.FID2163812] [IWOV-CSDOCS.FID2163812]
To: "Kiel, Edward" <Edward.Kiel@coleschotz.com>

Ed: I have never made any false statements to you. Also, I have never been rude or unprofessional. I simply do not operate in any manner other than as a professional. I do, however, owe you an apology. Last Friday, during the snow storm, I intended to send you an e-mail to advise that my client was not 100% certain that Pinto would pick up and destroy the La Morena product on Monday at 8:00 a.m. I have reviewed my recent e-mails and I inadvertently failed to send you an e-mail regarding this possibility.

I apologize for this oversight on my part and for any inconvenience that may have been caused to you. My oversight was truly inadvertent and I certainly know that I am not perfect but only human. Lastly, I will continue to work with you in good faith and in a professional manner. Sincerely. Walt Luger, Esq.

On Mon, Mar 5, 2018 at 5:44 PM, Kiel, Edward <Edward.Kiel@coleschotz.com> wrote:

Walter:

For the record, the rescheduling was not done as an accommodation to my schedule.  I was there at 8 am this morning after you told me last week the disposal was scheduled for this morning.  I accommodated you and your client's total lack of consideration and violation of the consent order by providing alternate times this week.  Your email below and your email from this morning are false, rude, and unprofessional. You ask for professional courtesies, yet act in this manner.

I will be there at 4 pm tomorrow.

**From:** Walter Luger [mailto:wluger7@gmail.com]
**Sent:** Monday, March 05, 2018 5:32 PM

**To:** Kiel, Edward; Redish, Gary S.
**Subject:** Re: FW: Civ. 18-400 Grupo Omor, S.A. De C.V., et al v. R.R. Importaciones, Inc. [COLESCHOTZ-CSDOCS.FID2163812] [IWOV-CSDOCS.FID2163812]

https://mail.google.com/mail/?ui=2&ik=6ef3f6e4f8&jsver=kBTDgkPpgMA.en.&view=pt...   3/10/2018