## Mellinger Sanders & Kartzman, LLC
ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950
(973) 267-0220

LOUIS P. MELLINGER
MICHAEL S. SANDERS
STEVEN P. KARTZMAN
JOSEPH R. ZAPATA, JR.
JUDAH B. LOEWENSTEIN
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

OF COUNSEL
WALTER G. LUGER
PETER ROSEN
ROBERT D. ROSEN
TERRI JANE FREEDMAN
JOSÉ R. TORRES

FAX (973) 267-3979

www.msklawyers.com

E-MAIL WLUGER7@GMAIL.COM

Essex County Office
46 Essex Street
Millburn, N.J. 07041
(973) 218-0220

**PLEASE RESPOND TO:**
**MORRIS PLAINS**

March 12, 2018

**Via Electronic Filing**
Hon. Kevin McNulty, U.S.D.J.
United States District Court
Martin Luther King Jr. Federal Bldg.
50 Walnut Street
Newark, New Jersey 07102

Re: Grupo Omor, S.A., et al v. R.R.Importaciones, Inc.,
    et al.; Civil Case No. 2:18-cv-400 –KM-CLW
    **Motion Hearing Date: March 14, 2018**

Dear Judge McNulty:

This firm represents the Defendant, R.R. Importaciones, PC ("R.R.") in this matter. This letter brief is submitted by R.R. in opposition to the Plaintiffs' Motion to hold R.R. in contempt for failing and/or refusing to comply with the Consent Order, (the "Motion"), entered by this Court on February 13, 2018, ("Consent Order"), and for sanctions.

The factual background in opposing this Motion is set forth in the accompanying Certification of R.R.'s counsel, Walter G. Luger, Esq. The facts contained in the Luger Certification will not be repeated herein but are incorporated herein by reference. R.R. has been in compliance with the terms of paragraphs 1 to 3 of the Consent Order since it was filed on February 13, 2018. Further, R.R. fulfilled its responsibilities under paragraphs 4 to 6 on at least March 6, 2018 and it is in full compliance with the Consent Order. For the reasons set forth in this opposition brief and in the Luger Certification, R.R. respectfully submits that it is not in contempt of the Consent Order and that the current contempt motion should be denied.

## STATEMENT OF RELEVANT FACTS

The factual background leading up to the Plaintiffs' filing of its Motion for contempt are not complex. On January 10, 2018, the Plaintiffs moved for an Order to Show Cause to restrain and enjoin Defendants, R.R., Gutierrez Distributors, LLC., ("Gutierrez"), CAM Corp., and John Does 1-10 from, inter alia, importing and distributing certain alleged "gray market" Mexican foods not intended for sale in the United States. More specifically, the Plaintiffs have alleged that all Defendants have engaged in the unauthorized and unlawful importation and distribution of certain canned La Morena Mexican food products intended for the Mexican market but not for sale and consumption in the United States.

At the same time the Verified Complaint was filed, the Plaintiffs also filed a motion for an order to show cause returnable on April 2, 2018. Instead of opposing the Order to Show Cause both R.R. and Gutierrez entered into a Consent Order that was filed on February 13, 2018. Since the entry of the Consent Order, R.R. has complied with paragraphs 1 to 3 and continues to be in full compliance with these terms of the CO. In good faith, R.R. has used its best efforts to comply with the terms of paragraphs 3 to 6 of the CO and by March 6, 2018 R.R. was in full compliance with the CO.

On February 22, 2018, R.R. requested a seven (7) day extension of time for it to comply with the CFO because R.R.'s principal was out of the country for several days and he was the person charged with making sure that R.R. was in compliance with paragraphs 4 to 6 of the CO. The Plaintiffs denied the extension request citing R.R.'s alleged lackadaisical approach and the frustration of its clients.[1] If granted, the 7 day extension would have extended the CO compliance date to March 2, 2016. Nevertheless, R.R. fulfilled the terms of paragraph 4 on February 28, 2018; R.R. fulfilled the terms of paragraph 6 on March 6, 2018; and R.R. fulfilled

---

[1] In good faith, R.R. sought a 7 day extension of time by informal agreement so that it would comply with the terms of the Consent Order, as extended. The proper procedure appears to be by amending the Consent Order with judicial approval.

the terms of paragraph 5 on March 2, 2018. (Luger Cert., pars. 39 to 42).

On March 1, 2018, the Plaintiffs filed a motion to hold R.R. in contempt of court. The motion was returnable on April 2, 2018. A brief conference call was held by the Court on March 5, 2018 and the Court directed R.R. to file its opposition papers in the morning of March 13, 2018. The Court also scheduled the contempt hearing date on March 14, 2018 at 2:00 p.m. R.R. will file its opposition papers with the Court as directed.

R.R. contends that it should not be found to be in contempt of the Consent Order particularly because the only moving Certification is that of Edward Kiel, Esq., (Plaintiffs' lead counsel), however, it has not been sworn to under oath thereby rendering his Certification to be non-compliant and non-evidential in these proceedings. R.R. also contends that the Kiel Certification contains certain inadmissible hearsay, legal conclusions, and speculation. R.R. further contends that the affirmative defense of substantial compliance applies and will not support a finding of contempt. In order to avail itself of this affirmative defense, R.R. must and will show that it (1) has taken all reasonable steps to comply with the valid court order and (2) has violated the order in a manner that is merely "technical" or "inadvertent." Therefore, R.R. should not be held in contempt and the Plaintiffs should not be entitled to an award of attorney's fees or other sanctions. If the Court decides to award attorneys' fees to Plaintiffs, any award should discounted by at least fifty percent (50%) due to the Plaintiffs' limited success in connection with the enforcement of the Consent Order.

## THE CONSENT ORDER

As the Court is aware the Consent Order in issue (sometimes referred to as the "CO") was filed by the Court on February 13, 2018. (Exh. A). In the first three (3) paragraphs of the Consent Order, R.R. and the other Defendants of record were enjoined and restrained from (1) importing, marketing, selling or distributing any Unauthorized LA MORENA Products; (2)

engaging in, offering, or providing goods or services in connection with any word mark and trade dress that is identical to or confusingly similar with Plaintiffs" Trademarks and Trade Dress; and (3) engaging in any acts of unfair competition and/or deceptive trade practices using any mark or trade dress that is identical or confusingly similar with Plaintiffs' Trademarks and Trade Dress.

Even before the Consent Order was filed, R.R. complied with the terms of paragraphs 1 to 3 of the CO. In the Plaintiffs' moving papers there is no reference to these paragraphs or to any violations of these paragraphs allegedly committed by R.R. Therefore, paragraphs 1 to 3 are not in issue and R.R. has complied in full with these terms of the CO.

The remaining paragraphs of the Consent Order are as follows:

4. ORDERED, that Defendant shall, within 10 days of this Order, at its expense retain and make arrangements with a reputable company, which is acceptable to Plaintiffs, that provides certified product disposal services for the destruction, within a commercially reasonable time, of all Unauthorized LA MORENA Products in Defendant's Possession, and any labels packages and products bearing any word mark that is identical to or confusingly similar with Plaintiffs' Trademarks; and it is further,

5. ORDERED that a representative of Plaintiffs shall be permitted to observe and supervise the destruction of the Unauthorized LA MORENA Products; and it is further,

6. ORDERED, that Defendant shall, within 10 days of this Order, produce to Plaintiffs lists containing the names and contact information of all individuals and entities (a) to whom Defendant sold any Unauthorized LA MORENA Products to in the United States, and (b) from whom Defendant purchased the Unauthorized LA MORENA Products in Mexico; and it is,

7. ORDERED, that the entry of this Consent Order shall be without prejudice to the rights, claims, and defenses of the parties.

## STATEMENT OF APPLICABLE LAW

Civil contempt is a "severe remedy," Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885), and the movant bears a heavy burden to show that the charged party is guilty of civil contempt. Robin Woods Inc. v. Woods, 28 F. 3d 396, 399 (3d Cir. 1994). To meet that

burden, the moving party must show that (1) a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order. Marshak v. Treadwell, 595 F. 3d 478, 485 (3d Cir. 2009). These elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt. John T. v. Del Cnty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). Although courts should hesitate to adjudge a defendant in contempt when there is ground to doubt the wrongfulness of the conduct, Robin Woods Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994) (emphasis added), an alleged contemnor's behavior need not be willful in order to contravene the applicable decree. John T., 318 F.3d at 399. In other words, good faith is not a defense to the elements of civil contempt. Robin Woods, 28 F.3d at 399. (emphasis added).

After the moving party has proven the 3 elements of contempt, the burden then shifts to the non-moving party to demonstrate its affirmative defenses, which, if successful, may preclude any contempt finding. One of these affirmative defenses that may preclude a contempt finding is substantial compliance.

In F.T.C. Lane Labs-USA, Inc., 624 F 3d 575, 591 (3d Cir. 2010), the Third Circuit adopted the affirmative defense of substantial compliance. Under this doctrine, a non-moving party [R.R.], cannot be held in civil contempt provided that it (1) has taken all reasonable steps to comply with the valid court order, and, (2) has violated the order in a manner that is merely "technical" or "inadvertent." Id.

In footnote 18 of its decision, the Court stated that:

> When assessing the *affirmative* defense of substantial compliance, however, good faith efforts inherently factor into the inquiry. See id. (considering contemnor's good faith efforts but nevertheless concluding that violations were neither technical nor inadvertent). see also Food Lion, 103 F.3d at 1017 (explaining that good faith is relevant when assessing substantial compliance). Indeed, an "inadvertent" error is one that is, by its very nature, made in good faith. This is not to say that a party's good faith efforts necessarily convert its contumacious conduct into inadvertent violations; rather, good faith is relevant to the substantial compliance inquiry, no more, no less.

## LEGAL ARGUMENT

### POINT ONE
### The Kiel Moving Certification Has Not Been Sworn To Under Oath And It Is Non-Evidential And Should Be Disregarded By The Court

In support of the motion for contempt, the Plaintiffs have filed and rely completely upon the Certification of Plaintiffs' lead counsel Edward S. Kiel, Esq. ("Kiel Certification"). A review of the Kiel Certification indicates that it has been not been filed under oath. There is no "language" certifying that the facts contained in the Certification are true and that if any statements made are willfully false, the witness (here, Mr. Kiel) is subject to punishment.

Unless the Court permits the Plaintiffs to remedy this plain error, the Kiel Certification is non-evidential and should be disregarded by the Court. If this error is not permitted to be corrected, the Court can dismiss the pending motion for the failure of Plaintiffs to provide any competent proof of alleged contempt.

### POINT TWO
### THE PLAINTIFFS HAVE NOT MET THEIR HEAVY BURDEN OF PROVING THAT R.R. IS IN CONTEMPT OF THE CONSENT ORDER

As previously noted, the Plaintiffs bear the heavy burden of proving the three (3) elements of civil contempt. They must prove these elements by clear and convincing evidence. The sole evidence offered by Plaintiffs in their motion for contempt is the Certification of Plaintiff's lead counsel, Edward S. Kiel, Esq.

Review of the Certification shows that it contains certain inadmissible hearsay, conclusory statements, and arguments, and information clearly not made on the affiant's personal knowledge. (Luger Cert., pars. 4, 5, 6, 8, 15, and 16-17). It is fundamental that affidavits made by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitutes objectionable hearsay. Attorney Affidavits containing argument, other forms of hearsay and general factual and legal

conclusions also violate the rule that affidavits are to be based upon facts within their personal knowledge.

The moving Certification contains a number of paragraphs that contain legal argument, legal conclusions, facts not within the personal knowledge of Mr. Kiel, supposition, speculation, and conjecture. The particular offending paragraphs of the Kiel Certification identified above contain one or more of impermissible content in violation of the above-referenced evidentiary prohibitions in connection with an Affidavit or a Certification under oath. The court has the power to excise or to disregard some or all of paragraphs identified above. Assuming this is done, it is clear that the Plaintiffs cannot and have not met their heavy burden of demonstrating civil contempt by clear and convincing evidence.

### POINT THREE
### R.R. Is Not In Contempt Because It Has Substantially Complied With The Terms Of The Consent Order

After the moving party has established a prima facie case of civil contempt, the burden shifts to the non-moving party [R.R.], and "substantial compliance" with a court order is a defense to civil contempt. In F.T.C. v. Lane Labs-USA, Inc., 624 F. 3d 575, 591 (3d Cir. 2010), the Third Circuit adopted the defense of substantial compliance. In order to avail oneself of this defense in an action for civil contempt, "a party must show that it (1) has taken all reasonable steps to comply with the valid court order, and (2) has violated the order in a manner that is merely 'technical' or 'inadvertent.'" Id. Whether an alleged contemnor "took all reasonable steps to comply with the court order, and the extent to which the contumacious conduct constitutes a 'technical' or 'inadvertent' violation," are factual issues to be determined by the District Court. Id. "Resolution of these questions will naturally depend upon the unique facts of each case, the nature of the conduct precluded, and the capabilities of the parties subject to the order." Id.

Here, R.R. respectfully submits that it has taken all reasonable steps to comply with the Consent Order and, in fact, R.R. is currently in full compliance with the Consent Order. (Luger Cert., pars 45 to 50). R.R. also submits that any violations of the Consent Order allegedly committed by it are merely "technical" or "inadvertent," thereby precluding any find of contempt. Id. at f.n. 18 (stating that an inadvertent error is one that is, by its very nature, made in good faith).

After the Consent Order was filed on February 13, 2018, the Order required that several things be done by R.R. and the other Defendants. With regard to paragraphs 1 to 3, R.R. complied in full with these terms shortly before and after the time the CO was filed. The Plaintiffs' moving papers do not contain any allegations that R.R. has violated the terms of paragraphs 1 to 3 of the Consent Order. In view of the foregoing, there is no need for R.R. to address whether its conduct under paragraphs 1 to 3 was "technical" or 'inadvertent."

With regard to paragraphs 4 to 7, these are the paragraphs that Plaintiffs apparently claim that R.R. has violated. As a preliminary matter, at all times relevant, R.R. and its counsel acted in good faith, in accordance with applicable law, and without any intent to violate the terms of paragraphs 4 to 7 of the Order. (Luger Cert., pars. 45 to 50). R.R. respects the judicial process and submits that it has undertaken in good faith all reasonable efforts to comply with the Consent Order. This is demonstrated in several of the e-mails exchanged by counsel for the parties, Luger and Kiel. That R.R.'s reasonable efforts may not be perfect efforts is not relevant inasmuch as only "reasonable" efforts to comply with an Order are required.

After the Consent Order was filed, R.R. was instructed by its counsel to fully and timely respond to the Order within the 10 day time frame (i.e., from February 13, 2018 to February 23, 2018). During this time, R.R. made certain that it remained in compliance with paragraphs 1 to 3 of the CO. At the same time, R.R. began to gather the information necessary to comply with the terms of paragraphs 4 to 6 of the CO. Thus, R.R. conducted an inventory, inspected the La

Morena product on-hand, and moved and segregated the product in its warehouse. R.R. also began to explore the hiring of Pinto Carting/Disposal to pick-up, remove, and destroy any "unauthorized" product in its possession. The waste disposal contractor was required to be satisfactory to Plaintiffs, to pick-up and destroy all "unauthorized" La Morena Product on a date certain, while a representative of Plaintiffs was onsite to observe and supervise the destruction of the "unauthorized product. Several scheduling conflicts with Pinto took place and on at least 2 occasions, Pinto cancelled its proposed pickup date and time at literally the eleventh hour thereby causing certain unnecessary drama. Although R.R.'s principal was out of the country from at least February 22 to 27, 2018, R.R. was also completing the required list of the names and contact information of all persons/entities from whom R.R. purchased the "unauthorized" product and to whom it sold any of the "unauthorized" product.

With regard to the foregoing, R.R. is a small company operated by its owner, Rolando Martinez, and his daughter, Eve. There are several part-time workers and the company is involved in the distribution of various food products to the local Spanish community. Further, the first language of both Rolando and his daughter is Spanish and, at times, this language issue caused certain delay in R.R.'s compliance with the CO and in its interactions with Plaintiffs' representatives. All of these factors contributed to the inability of R.R. to be able to comply with paragraphs 4 to 6 of the CO before the February 23, 2018 deadline.

On February 22, 2018, one day before the expiration of the 10 period provided in the Order, Luger prepared and sent an e-mail to Plaintiffs' lead counsel, Kiel. (Exh. B). In part, the e-mail advised Kiel that R.R.'s principal was out of the country and would be returning to New Jersey on the following Tuesday. Given the travelling schedule of R.R.'s principal and the need for his presence in New Jersey to complete the items identified in paragraphs 4 to 6 of the CO, R.R.'s counsel requested in good faith a 7 day extension of time from Plaintiffs to complete its

timely compliance with the remaining terms of the CO.

Surprisingly, and at this early stage of the lawsuit, the Plaintiffs refused to provide this very reasonable accommodation. Their reason was that R.R. allegedly was not taking its obligations seriously and its client was frustrated. Nevertheless, the fact that R.R.'s counsel requested another 7 days to comply with the CO indicates a good faith effort to make certain that compliance with the CO was obtained in a timely manner. The Plaintiffs' counsel's offer that R.R. speed up its timetable for compliance with the CO, while much appreciated, simply could not be done until the return of R.R.'s principal on February 27, 2018.

In the same February 22, 2018 e-mail forwarded by Luger to Kiel, an informal list by way of update was provided. The list stated that:

> 1. R.R. has contacted Pinto Disposal and is making arrangements to have its La Morena inventory be disposed of by the end of next week.
> 2. R.R. has advised that it will provide me with an inventory of La Morena product by sometime tomorrow (Friday). After I receive & review the inventory, I will send it to you by Monday at the latest.
> 3. R.R. is in the process of preparing the lists of people/entities from whom the product was bought and sold. I should have this list by next Wednesday at the latest.
> 4. Before the product is turned over to Pinto for destruction, R.R. will make its La Morena product available for your inspection and inventory on Wednesday or at the latest on Thursday of next week.
> 5. This will confirm that R.R. understands the terms of the Consent Order and is not selling any of the unauthorized product to anyone.
> 6. Lastly, I have always dealt with my adversaries in the utmost of good faith and R.R.'s request is not made for the purpose of delaying its compliance with the CO.

Despite this and other e-mails sent in good faith to Plaintiff's counsel, on March 1, 2018, the Plaintiffs filed this current motion to hold R.R. in contempt. (Luger Cert., Exhs. B to I). Nevertheless, R.R. continued its good faith efforts to fully comply with the terms of paragraphs 4 to 6 of the CO. On February 28, 2016, R.R. fulfilled its obligations under paragraph 4 of the CO. On March 2, 2018, R.R. fulfilled its obligations under the paragraph 5 of the CO. And, on March 6, 2018, R.R. fulfilled its obligations under paragraph 6 of the CO. Thus, as of March 6,

2018, R.R. has been and continues to be in full compliance with the terms of the CO.

Although R.R. has not specified every little action it took to comply with the CO, the e-mail trail and the Luger Certification demonstrate that R.R. took all reasonable steps to comply with the CO. R.R.'s principal was out of town from at least February 22 to 27, 2018, the ever-changing scheduling with Pinto was a moving target, and at least one substantial snow storm that buried the local area caused certain delays in R.R.'s efforts to take all reasonable steps required to obtain timely compliance with the CO. The first prong of substantial compliance only requires that a party take all reasonable steps to comply. It does not require perfect steps, or faster steps as demanded by the Plaintiffs. It does not require that R.R. take perfect steps when dealing with third-parties such as Pinto over whom R.R. has no control. Respectfully, R.R. submits that it has met its burden under the first prong of the substantial compliance defense.

With regard to the second and final prong of the substantial compliance defense a party must show that it violated the Order in a manner that is merely "technical" or inadvertent." Once again, an "inadvertent" error is one that is, by its very nature, made in good faith. F.T.C. v. Lane Labs-USA, 624 F. 3d at f.n. 18. R.R. again respectfully submits that it has met its burden of the substantial compliance test.

As of February 13, 2013, R.R. was and continues to be in full compliance with paragraphs 1 to 3 of the Consent Order. On February 22, 2018, one (1) day before the CO end date of February 23, 2018, R.R.'s attorney requested that the Plaintiffs extend the compliance time by informal agreement for 7 days to March 2, 2018. The Plaintiffs denied R.R.'s request. Nevertheless, (1) by February 28, 2018 R.R. was in compliance with paragraph 4 of the CO; (2) by March 2, 2018, R.R. was in compliance with paragraph 5 of the CO; and (3) on March 6, 2018, R.R. was in compliance with paragraph 6 of the Complaint.

While R.R. could not meet the CO compliance date of February 23, 2018, 5 days later

it complied with paragraph 4, 7 days later it complied with paragraph 5, and 11 days later it complied with paragraph 6 of the CO thereby bringing itself into full compliance with the CO by March 6, 2018. At best, the substantive terms of the CO involved paragraphs 1 to 3. The 11 day "failure" of R.R. to comply with the minor terms in paragraphs 4 to 6 was at best a technical or inadvertent violation of the CO. At all times relevant, R.R. acted in good faith in an effort to comply with terms in paragraphs 4 to 6. R.R. had no intention of violating paragraphs 4 to 6 of the CO and its 11 day delay in complying with these paragraphs demonstrates its continuing good faith or inadvertent error. For these reasons, R.R. submits that it has met the requirements of the second prong of the substantial compliance test and that it has established the defense of substantial compliance. Therefore, R.R. should not be adjudged to be in contempt and the Plaintiffs application for attorney's fees and other sanctions should be denied.

Respectfully submitted,

_____
WALTER G. LUGER, ESQ.

cc: R.R. Importaciones, Inc.