MELLINGER, SANDERS, & KARTZMAN, L.L.C.
Walter G. Luger, Esq. (ID 033821984)
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
(973) 267-0220
Attorneys for Defendant, R.R. Importaciones, Inc.

| | |
|---|---|
| GRUPO OMOR, S.A. de C.V., COMERCIALIZADORA NAREMO, S.A. de C.V. and PADILLA IMPORT SALES AND MARKETING, INC., <br><br> Plaintiffs, <br> v. <br><br> R.R. IMPORTACIONES, INC., GUTIERREZ DISTRIBUTORS, LLC, CAM CORP and JOHN DOES 1-10, <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> CIVIL ACTION NO. 2:18-CV-400-KM-CLW <br><br> ECF Case <br><br> **CERTIFICATION OF ROLANDO MARTINEZ** |

ROLANDO MARTINEZ, of full age, states the following:

1. I am a resident of the State of New Jersey and I am the owner of the Defendant, R.R. Importaciones, Inc. ("R.R. Imports" or "R.R.").

2. R.R. Imports has a business address located at 141 Third Street, Passaic, New Jersey

3. I have personal knowledge of the following facts and submit this Certification in accordance with this Court's directive made at the civil contempt proceedings conducted on March 15, 2018.

4. From what I understand, the purpose of this Certification is to list or detail the steps that I took in an effort to comply with the terms of the Consent Order filed on February 13, 2018. ("Consent Order" or "CO"). (Exh. A).

A.     **The February 13, 2018 Consent Order**

5.     The first three paragraphs of the Consent Order provide that the Defendants were restrained and enjoined from (1) importing, marketing, selling or distributing any "Unauthorized La Morena Products," (par. 1), (2) engaging in, offering, or providing goods or services in connection with any word mark and trade dress that are identical to and/or confusingly similar with Plaintiffs' Trademarks and Trade Dress, (par. 2), and (3) engaging in any acts of unfair competition and/or deceptive trade practices by using any mark or trade dress that is identical or confusingly similar with Plaintiffs' Trademarks and Trade Dress, (par. 3).

6.     The remaining paragraphs of the Consent Order that were in issue in the Plaintiffs' civil contempt motion involve paragraphs 4 to 6, as follows:

> 4.    ORDERED that Defendant[s] shall, within 10 days of this Order, [or by February 23, 2018], at its own expense, retain and make arrangements with a reputable company, which is acceptable to Plaintiffs, that provides certified product disposal services for the destruction, within a commercially reasonable time, of all Unauthorized LA MORENA Products in Defendants['] Possession, and any labels, packages and products bearing any word mark that is identical or confusingly similar with Plaintiffs' Trademarks, and it is further
>
> 5.    ORDERED that a representative of Plaintiffs shall be permitted to observe and supervise the destruction of the Unauthorized LA MORENA Products; and it is further
>
> 6.    ORDERED, that Defendant[s] shall, within 10 days of this Order, produce to Plaintiffs lists containing the names and contact information of all individuals and entities (a) to whom Defendant sold any Unauthorized LA MORENA Products in the United States and (b) from whom Defendant purchased the Unauthorized LA MORENA Products in Mexico ....

B.    **The Efforts Of R.R. To Comply With The Terms of Paragraphs 1 To 3 Of The Consent Order**

8.  Before the Consent Order was filed by the Court, I read a draft version and I directed that R.R. Imports was to immediately comply in all respects with paragraphs 1 to 3; and since February 13, 2018 R.R. Imports has been in full compliance with the terms of paragraphs 1 to 3 of the Consent Order

9.  It is my understanding that the Plaintiffs' civil contempt motion did not involve paragraphs 1 to 3, nevertheless, R.R. Imports will remain in full compliance with paragraphs 1 to 3 until such time as the Court otherwise directs.

### C. The Efforts Made By Me To Comply With Paragraphs 4 to 6 of the Consent Order

10.  For the convenience of the Court, I will provide a chronological account of my efforts to comply with all of the terms of the CO.

11.  It is my understanding that the Consent Order was signed by my attorneys and it was filed with the Court on February 13, 2018.

12.  It is my further understanding that the Defendants were directed to comply with all terms of the CO within ten (10) days after it was filed or by February 23, 2018.

13.  On or about February 14, 2018, I received a filed copy of the Consent Order.

14.  On or about February 15 or 16, 2018, I reviewed all of the requirements of the Consent Order and I spoke to my daughter, Eve, and to my warehouse manager about how the requirements of the CO would be satisfied.

15.  On or about February 16, 2018, I delegated the responsibility for compliance with paragraphs 4 to 6 of the CO to my daughter, Eve.

16.  I understand, however, that ultimately, I am responsible for complying with all paragraphs of the CO.

17. At first, the three (3) tasks contained in the CO appeared to be fairly simple but this did not turn out to be the case.

18. With regard to paragraph 4 of the CO (requiring an inventory of the "unauthorized" La Morena product), I learned that this product had been located in different parts of the warehouse for a number of months.

19. The company's records are not electronic and my daughter, Eve, had to spend several days going through the records to identify any purchases of the La Morena product.

20. My daughter, Eve, subsequently went to the warehouse and began to identify, segregate, and inventory the La Morena product by hand. This took several more days to accomplish.

21. By approximately February 23, 2018, Eve completed a draft inventory of the La Morena product --- again by hand.

22. The inventory was forwarded to the Plaintiffs' attorney on February 28, 2018 after I reviewed the inventory and then directed Eve to begin to segregate the product into one area of the warehouse.

23. R.R. Imports is a small family company specializing in the sale of certain Spanish foods and products.

24. I am the owner and the principal operator of R.R. Imports, however, I am not in the office every day because of my travel schedule which included an out of the country business trip from at least February 22, 2018 to February 28, 2018.

25. During the times I am travelling, Eve and my other daughters take care of the day-to-day operations of the company subject to my oversight.

4

26. During my recent business trip from about February 22 to 28, 2018, I kept in touch with the business, my daughters, and with my attorneys when required.

27. On this particular business trip, almost all of my time was devoted to new business and there was nothing else I could have done personally to comply with paragraphs 4 to 6 of the CO until I arrived back in New Jersey on February 28, 2018.

28. During my business trips, I also rely upon my attorneys to make certain that various things were accomplished including compliance with the terms of the CO.

29. It is my understanding that on February 22, 2018, my attorneys asked the Plaintiffs for a seven (7) day extension of the February 23, 2018 CO compliance date because I was travelling but that this request was unfairly denied. (Exh. B).

30. On the same date, my attorneys provided the Plaintiffs' attorneys with an update concerning R.R. Import's compliance efforts to date.

33. Therein, my attorneys advised the Plaintiffs that; (1) R.R. had contacted Pinto Disposal and was making arrangements to have its La Morena inventory disposed of by the waste hauler; (2) R.R. would shortly provide an inventory of La Morena products to Plaintiffs; (3) R.R. was in the process of preparing the lists of persons/entities from whom the product was bought and to whom the product was sold; and (4) R.R. would shortly permit the Plaintiffs to inspect and inventory the La Morena product.

34. On Monday, February 26, 2018, my attorneys expressed their dissatisfaction with the Plaintiffs' refusal to permit R.R. Imports a seven (7) day extension of time until March 2, 2018 in which to comply with the CO. (Exh. C).

35. On February 27, 2018, my attorneys advised the Plaintiffs' attorneys by e-mail that they were welcome to inspect and inventory the La Morena product in the

possession of R.R. Imports on the next day, February 28, 2018 at 2:30 p.m. and that they were welcome to watch the destruction of the product.

36. This e-mail also advised that R.R. Imports was having some difficulty getting Pinto Disposal to commit to a day and time to pick-up and destroy the La Morena products.

37. It was important to get Pinto to commit to a date certain pick-up and destruction date in view of the CO's requirement that a representative of the Plaintiffs was permitted to supervise the destruction of the "unauthorized" La Morena product.

38. On several occasions before February 23, 2018 and on at least two (2) occasions after this date, R.R. Imports experienced difficulty in getting Pinto to commit to the pick-up and destruction of the La Morena product on a date certain.

39. Pinto's unreliability was certainly a factor in delaying R.R.'s compliance with paragraphs 4 to 6 of the Consent Order.

40. Although not part of the Consent Order, R.R. agreed to permit the Plaintiffs' representatives, including Mr. Kiel, to go to their warehouse to inspect and inventory of the "unauthorized" La Morena product.

41. On February 28, 2018, the Plaintiffs' representatives went to R.R. Import's warehouse to inspect and inventory the La Morena product.

42. When they arrived at R.R.'s warehouse, they learned that R.R. had moved the La Morena product from its warehouse, shrink-wrapped the products stored on several pallets, and put the La Morena product inside the back of one of its trucks.

43. Although there was apparently some confusion and some degree of angst as to how the inspection and inventory was supposed to be performed, the Plaintiffs'

6

representatives were able to inspect and inventory the La Morena product and they also took various photographs of the "unauthorized" La Morena product.

44. Several days later on March 6, 2018, the Plaintiffs again went to R.R.'s premises where they viewed and photographed the physical destruction of the unauthorized La Morena products and its disposal into a dumpster scheduled to be picked-up and destroyed by Pinto. I was present and I participated in the destruction of the La Morena products.

45. On March 8, 2018, Pinto Carting sent a Certification of Destruction of the unauthorized product to R.R. which, in turn, forwarded a copy of the same to Plaintiffs' counsel.

46. Based upon the foregoing, and as part of my oversight, R.R. was (1) in compliance with paragraph 4 of the CO on February 28, 2018; (2) in compliance with paragraph 5 of the CO on March 2, 2018; (3) and in compliance with paragraph 6 of the CO by March 6, 2018.

### D. Concluding Facts And Comments

47. At all times relevant, R.R. Imports, my daughter, Eve, my attorneys, and I acted in good faith and in accordance with applicable law.

48. At no time did R.R. Imports expect or intend to do anything other than to timely comply with the terms of the Consent Order.

49. From at least February 13, 2018 to date, R.R. Imports has been and continues to be in compliance with the terms of paragraphs 1 to 3 of the CO.

50.     R.R. respectfully submits that it took all reasonable steps to comply with paragraphs 4 to 6 of the CO and any violation of the CO was made in good faith and was merely technical or inadvertent.

51.     For these reasons, it is respectfully submitted that R.R. substantially complied with the CO and that the Plaintiffs' contempt motion was properly denied.

## CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:

*[Signature]*
ROLANDO MARTINEZ

Dated: March 22, 2018

# EXHIBIT A

Edward S. Kiel
David M. Kohane
David S. Gold
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000

David Lopez, admitted *pro hac vice*
**CACHEAUX CAVAZOS & NEWTON, L.L.P**
333 Convent Street
San Antonio, Texas 78205-1348
210-222-2453
Attorneys for Plaintiffs

| | |
|---|---|
| GRUPO OMOR, S.A. de C.V., COMERCIALIZADORA NAREMO, S.A. de C.V. and PADILLA IMPORT SALES AND MARKETING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> R.R. IMPORTACIONES, INC., GUTIERREZ DISTRIBUTORS, LLC, CAM CORP and JOHN DOES 1-10, <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL ACTION NO. 2:18-CV-400-KM-CLW <br><br> **CONSENT ORDER** |

**IT IS STIPULATED AND AGREED** by and among Grupo Omor, S.A. de C.V., Comercializadora Naremo, S.A. de C.V., and Padilla Import Sales and Marketing, Inc. (collectively, "Plaintiffs"), and R.R. Importaciones, Inc. ("Defendant") that in connection with the Order to Show Cause for Preliminary Restraints entered by the Court on January 11, 2018 (the "Order"), Plaintiffs and Defendant consent to the entry of this Consent Order which grants the preliminary injunctive relief requested by Plaintiffs in their application for an Order to Show Cause for Preliminary Restraints;

**IT IS** on this ___13th___ of February, 2018:

1. **ORDERED**, that Defendant, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, are enjoined and restrained from importing, marketing, selling or distributing any Unauthorized LA MORENA Products,[1] including but not limited to the products listed on Exhibit A to this Consent Order, or any other products bearing the Trademarks in the United States or any foreign country; and it is further

2. **ORDERED**, that Defendants, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, are enjoined and restrained from engaging in, offering, or providing goods or services in connection with any word mark that is identical to or confusingly similar with Plaintiffs' Trademarks and any trade dress that is identical to or confusingly similar with Plaintiffs' Trade Dress; and it is further

3. **ORDERED**, that Defendant, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, are enjoined and restrained from engaging in any acts of unfair competition and/or deceptive trade practices utilizing any mark that is identical to or confusingly similar with Plaintiffs' Trademarks and any trade dress that is identical to or confusingly similar with Plaintiffs' Trade Dress; and it is further

4. **ORDERED**, that Defendant shall, within 10 days of this Order, at its expense, retain and make arrangements with a reputable company, which is acceptable to Plaintiffs, that provides certified product disposal services for the destruction, within a commercially reasonable time, of all Unauthorized LA MORENA Products in Defendant's Possession, and any labels,

---

[1] Capitalized terms herein shall have the meaning ascribed to them in Plaintiffs' Verified Complaint.

packages and products bearing any word mark that is identical to or confusingly similar with Plaintiffs' Trademarks; and it is further

5. **ORDERED**, that a representative of Plaintiffs shall be permitted to observe and supervise the destruction of the Unauthorized LA MORENA Products; and it is further

6. **ORDERED**, that Defendant shall, within 10 days of this Order, produce to Plaintiffs lists containing the names and contact information of all individuals and entities (a) to whom Defendant sold any Unauthorized LA MORENA Products to in the United States, and (b) from whom Defendant purchased the Unauthorized LA MOREA Products in Mexico; and it is further

7. **ORDERED**, that the entry of this Consent Order shall be without prejudice to the rights, claims, and defenses of the parties.

_____
Kevin McNulty, U.S.D.J.

Consented to the form
and entry of this Consent Order:

COLE SCHOTZ P.C.
Attorneys for Plaintiffs

By: Edward S. Kiel

MELLINGER SANDERS & KARTZMAN
Attorneys for R.R. Importaciones, Inc,

By: Walter G. Luger

3

# EXHIBIT A

| | | LA MORENA | |
|---|---|---|---|
| # | UPC (TIN CAN) | UPC (TRAY) | SPANISH LABEL (MEXICO) |
| 1 | 7501062700011 | 17501062700018 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 2.8 kg |
| 2 | 7501062700028 | 17501062700025 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 800 g |
| 3 | 7501062700035 | 37501062700036 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 380 g |
| 4 | 7501062700042 | 17501062700049 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 210 g |
| 5 | 7501062700158 | 27501062700152 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 100 g |
| 6 | 7501062700110 | 17501062700117 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 2.8 kg |
| 7 | 7501062700127 | 17501062700124 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 800 g |
| 8 | 7501062700134 | 37501062700135 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 380 g |
| 9 | 7501062700141 | 17501062700148 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 210 g |
| 10 | 7501062700301 | 17501062700308 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 2.8 kg |
| 11 | 7501062700318 | 17501062700315 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 800 g |
| 12 | 7501062700325 | 37501062700326 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 380 g |
| 13 | 7501062700332 | 17501062700339 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 210 g |
| 14 | 7501062700219 | 17501062700216 | RAJAS ROJAS DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 2.8 kg |
| 15 | 7501062700226 | 17501062700223 | RAJAS ROJAS DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 210 g |
| 16 | 7501062700233 | 27501062700237 | RAJAS ROJAS DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 100 g |
| 17 | 7501062700288 | 17501062700285 | RAJAS ROJAS ADOBADAS CONT. NET. 210 g |
| 18 | 7501062700417 | 17501062700414 | CHILES SERRANOS EN ESCABECHE CONT. NET. 2.8 kg |
| 19 | 7501062700424 | 17501062700421 | CHILES SERRANOS EN ESCABECHE CONT. NET. 800 g |
| 20 | 7501062700448 | 17501062700445 | CHILES SERRANOS EN ESCABECHE CONT. NET. 210 g |
| 21 | 7501062700462 | 27501062700466 | CHILES SERRANOS EN ESCABECHE CONT. NET. 100 g |
| 22 | 7501062700615 | 17501062700612 | CHILES CHIPOTLES ADOBADOS CONT. NET. 380 g |
| 23 | 7501062700622 | 17501062700629 | CHILES CHIPOTLES ADOBADOS CONT. NET. 210 g |
| 24 | 7501062700639 | 27501062700633 | CHILES CHIPOTLES ADOBADOS CONT. NET. 100 g |
| 25 | 7501062700622 | 27501062700626 | CHILES CHIPOTLES ADOBADOS CONT. NET. 210 g |
| 26 | 7501062701513 | 17501062701510 | SALSA ROJA ESTILO CASERO CONT. NET. 210 g |
| 27 | 7501062700684 | 27501062700688 | CHILES CHIPOTLES ADOBADOS CONT. NET. 265 g |
| 28 | 7501062701704 | 17501062701701 | SALSA PICANTE DE CHILES CHIPOTLES CONT. NET. 2.8 kg |
| 29 | 7501062701711 | 17501062701718 | SALSA PICANTE DE CHILES CHIPOTLES CONT. NET. 210 g |
| 30 | 7501062701032 | 17501062701039 | FRIJOLES BAYOS REFRITOS CONT. NET. 440 g |
| 31 | 7501062701049 | 17501062701046 | FRIJOLES BAYOS REFRITOS CON ADOBO Y CHILE CHIPOTLE CONT. NET. 440 g |
| 32 | 7501062701056 | 17501062701053 | FRIJOLES NEGROS REFRITOS CONT. NET. 440 g |
| 33 | 7501062700059 | 17501062700056 | CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 290 g |
| 34 | 7501062700103 | 17501062700100 | RAJAS VERDES DE CHILES JALAPEÑOS EN ESCABECHE CONT. NET. 290 g |
| 35 | 7501062700387 | 17501062700384 | RODAJAS DE CHILES JALAPEÑOS EN ESCABECHE (NACHOS) CONT. NET. 290 g |
| 36 | 7501062700546 | 17501062700643 | CHILES CHIPOTLES ADOBADOS CONT. NET. 290 g |
| 37 | 7501062701353 | 17501062701350 | SALSA ROJA CONT. NET. 230 g |
| 38 | 7501062701612 | 17501062701619 | SALSA VERDE CONT. NET. 230 g |
| 39 | 7501062701551 | 17501062701558 | SALSA ROJA ESTILO CASERO CONT. NET. 230 g |
| 40 | 7501062701742 | 17501062701749 | SALSA PICANTE DE CHILES CHIPOTLES CONT. NET. 230 g |

# EXHIBIT B



**Gmail**  Walter Luger <wluger7@gmail.com>

## RE: R.R. Warehouse Inspection [COLESCHOTZ-CSDOCS.FID2163812] [IWOV-CSDOCS.FID2163812]

**Walter Luger** <wluger7@gmail.com>  Thu, Feb 22, 2018 at 10:50 AM
To: "Kiel, Edward" <edward.kiel@coleschotz.com>, "Redish, Gary S." <GREDISH@winnebanta.com>

Ed: I am sorry that I was not able to get back to you yesterday. My client is currently out of the country on business and he will return to the US next Tuesday. Given his travel schedule, and the need for his presence in NJ to complete the items identified in the Consent Order, I respectfully request that you provide me with an extension of the 10 day time requirement until next Friday, March 2, 2018. Once my client is back in NJ, we will do everything we can to expedite our compliance with the terms of the Consent Order.

My client is aware of his obligations under the Consent Order and here is an update:

1. R.R. has contact Pinto Disposal and is making arrangements to have its La Morena inventory be disposed of by the end of next week.
2. R.R. has advised that it will provide me with an inventory of La Moreno product by sometime tomorrow (Friday). After I receive & review the inventory, I will send it to you by Monday at the latest.
3. R.R. is in the process of preparing the lists of people/entities from whom the product was bought and sold. I should have this list by next Wednesday at the latest.
4. Before the product is turned over to Pinto for destruction, R.R. will make its La Morena product available for your inspection and inventory on Wednesday or at the latest on Thursday of next week.
5. This will confirm that R.R. understands the terms of the Consent Order and is not selling any of the unauthorized product to anyone.
6. Lastly, I always deal with my adversaries in the utmost of good faith and R. R.'s request is not made for the purpose of delaying its compliance with the CO.

If you want to talk to me directly, I will be in the office all day today. Thx. Walt

[Quoted text hidden]

# EXHIBIT C



Walter Luger <wluger7@gmail.com>

## RE: Gutierrez Distributors - Consent Order [COLESCHOTZ-CSDOCS.FID2163812]

**Walter Luger** <wluger7@gmail.com>  Mon, Feb 26, 2018 at 1:55 PM
To: "Kiel, Edward" <Edward.Kiel@coleschotz.com>, "Redish, Gary S." <GREDISH@winnebanta.com>

Ed: I urge you and your client not to file an application for contempt & sanctions. R.R. knows that it must comply with the Consent Order ASAP. As I previously told you, R.R. expects to comply with the Consent Order as soon as it can this week. There is no intent on the part of R.R. to violate the Consent Order. In fact, last week, I requested another 7 days from the Plaintiffs to comply with the CO because my client's principal was out of the country on business returning tomorrow. The Plaintiffs' response to my very reasonable request was no, R.R. has not been taking this litigation seriously. Frankly, I was surprised by your clients' response to my request. I thought that we understood each other and that as a matter of professional courtesy your clients would permit us additional time to comply with the CO.

This will confirm that I told you that R.R. was concluding the hiring of Pinto to dispose of its La Morena inventory this week. This will also confirm that R.R. is not selling any of the infringing product and that I will very shortly provide you with an inventory to be followed by a personal inspection by your office. All of my client's conduct to date is indicative of its intention to comply with the CO. Thx. Walt

[Quoted text hidden]