# Cole Schotz P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000    201-489-1536 fax

New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Edward Sun Kiel
Member

Reply to New Jersey Office
Writer's Direct Line: 201-525-6232
Writer's Direct Fax: 201-678-6232
Writer's E-Mail: edward.kiel@coleschotz.com

March 27, 2018

Honorable Kevin McNulty, U.S.D.J.
United States District Court
for the District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    Grupo Omor, S.A. de C.V., et al. v. R.R. Importaciones, Inc., et al.
              Case No. 2:18-cv-00400-KM-CLW

Dear Judge McNulty:

      We represent plaintiffs and write in response to the Certification of Rolando Martinez ("*Martinez Cert.*") [Dkt. 37] submitted pursuant to the Court's Order of March 14, 2018 requiring defendant R.R. Importaciones, Inc. ("R.R.") "to file an affidavit of the principal [of R.R.], stating the steps that have been taken to ensure full compliance, describing the compliance, and stating under oath the compliance has been complete . . ." [Dkt. 32.] Although Mr. Martinez throws around phrases like "good faith," "all reasonable steps," and "merely technical or inadvertent," he fails to address the critical issue that was discussed – and to which R.R.'s counsel had no response – during oral argument on the motion for contempt: Why couldn't R.R. timely comply with the Consent Order (the "Order") while Mr. Martinez was on a business trip?

      Mr. Martinez was aware of the requirements of the Order "[b]efore the Consent Order was filed by the Court." *Martinez Cert.*, ¶ 8. He had a copy of the filed Order by February 14, 2018. *Id.*, ¶ 13. He then "delegated the responsibility for compliance with paragraphs 4 to 6 of the [Order] to [his] daughter, Eve" on February 16, 2018. *Id.*, ¶ 15. From that date forward, Mr. Martinez has no personal knowledge of what "good faith" attempts were made to comply with the Order. There is no explanation for why Eve, who had been delegated responsibility for compliance, had to wait for Mr. Martinez's return to comply with the Order.

      Indeed, Eve had compiled and completed the list containing the name of *one* seller and *three* purchasers of the contraband products by February 23, 2018, the date by which the information was to be provided. *Id.*, ¶ 21 and Dkt. 31, Exhibit A.[1] Yet, inexplicably, this small list was not provided

---

[1] Mr. Martinez's alleges it took *seven* days to gather the names of these four companies because R.R.'s "records are not electronic." *Id.*, ¶ 19-21.

Cole Schotz P.C.

Honorable Kevin McNulty, U.S.D.J.
March 27, 2018
Page 2

until five days later, on February 28, 2018, the date Mr. Martinez returned from his business trip. *Id.*, 22-24.

      Similarly, Mr. Martinez's explanation of the delay in retaining Pinto for the disposal of the contraband product fails to show compliance or a good faith effort to comply.  Although he alleges the delay was caused by Pinto's "unreliability," he provides no information about *when* Pinto was contacted and retained.  The Order does not require the disposal to occur within 10 days.  [Dkt. 17, ¶ 4.]  Rather, it requires "R.R. to retain and make arrangements" for the disposal of the contraband goods within 10 days of the Order.  Given the lack of information, it can reasonably be assumed that R.R. did nothing to comply with paragraph 4 of the Order until Mr. Martinez returned.  This was in violation of the Order and should not be excused.  Mr. Martinez implores the Court to believe that "there was nothing else [he] could have done personally to comply" with the Order. *Martinez Cert.*, ¶ 27.  However, he had delegated that responsibility to Eve, who then waited, in violation of the Order, to do the things required under the Order until Mr. Martinez returned. *Id.*, 15.

      Mr. Martinez's explanation does not describe "compliance" but, instead, confirms the lack of any diligence to comply with the mandates of the Order.  Accordingly, his certification does not provide the necessary evidence to show that R.R. took "all reasonable steps" to comply.  Plaintiffs, therefore, renew their request and request the imposition of sanctions and award of attorneys' fees relating to the contempt motion.

                                                     Respectfully submitted,

                                                     */s/ Edward Sun Kiel*

                                                     Edward Sun Kiel